## LLOYDS AMERICA v. POE.

### No. 2901.

Court of Civil Appeals of Texas. El Paso.

Nov. 9, 1933.

Turney, Burges, Culwell & Pollard and J. F. Hulse, all of El Paso, for appellant.

Paul D. Thomas and Wm. Flournoy, both of El Paso, for appellee.

HIGGINS, Justice.

Appellee Poe had a mortgage upon an automobile owned by J. D. Avellaneda. Appellant issued a policy of insurance covering the car in favor of the owner and Poe as their respective interests might appear. The policy insured against various perils.

Attached to the policy is a rider indorsed, "Confiscation Endorsement," by the terms of which and for an additional premium the policy was extended to indemnify Poe "against direct loss by Municipal, Federal or State authorities of the United States, or of the United States of Mexico (while within the prescribed limits of said last named country) by reason of the violation of the provision of any Municipal, Federal or State law of either of said countries.

"Lloyds America shall have sixty (60) days after the filing of proof of claim within which to make investigation and attempt to recover the automobile so confiscated and during that time, no suit shall be brought against Lloyds America. The liability of Lloyds America shall be fully satisfied and discharged by the return of said automobile to Poe Motor Company, and Lloyds America shall not be liable for any loss through physical damage, unless otherwise covered hereby, to the automobile, nor for expense of re-

turning said automobile to Poe Motor Company from point of recovery where such expense exceeds the amount of unpaid purchase price of said automobile, exclusive of interest, carrying charges and insurance thereon."

The owner took the car to Mexico, failing to declare the same and pay the duty required by the law of Mexico. The car was seized and impounded by the Mexican customs authorities. These authorities refused to surrender the car until the regular duty, amounting to $121.52, was paid. This sum was paid by Poe to obtain the surrender of the car to him. The suit is to recover the sum so paid.

Judgment was rendered in Poe's favor, from which the defendant appeals.

The record shows that no confiscation decree of the car was made by the Mexican authorities, and for this reason it is asserted the action will not lie. Appellant's position is that it was necessary for the plaintiff to plead and prove the car was confiscated before he could recover. We do not construe the so-called "Confiscation Endorsement" as so requiring in order to maintain an action based thereon. The indorsement broadly agrees to indemnify Poe "against any direct loss by Municipal, Federal or State authorities of the United States, or of the said United States of Mexico (while within the prescribed limits of said last named country) by reason of the violation of the provision of any Municipal, Federal or State law of either of said countries."

This does not limit liability to cases only where a confiscation has been decreed.

The car had been seized by the Mexican authorities for a violation of the laws of that republic. Poe thereby sustained loss because he was compelled to pay the sum sued for to secure the release of the car. In our opinion his loss was covered by the policy regardless of whether a decree of confiscation had been entered.

The law of Mexico requires the payment of three times the regular import duty as a penalty. The car was released to Poe upon payment of the regular import duty.

Appellant presents another proposition to the effect that since the penalty was not exacted no violation of the Mexican law was shown. This is without merit. That the Mexican authorities waived the penalty does not alter the fact that the car had been taken to Mexico in violation of law and by reason thereof Poe had been compelled to pay the regular duty in order to secure the return of the car.

Affirmed.